# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARC E. ALLEN,**

      **Plaintiff,**

**v.**                                                     **Case No: 6:18-cv-01806-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Marc E. Allen (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for supplemental security income. Doc. 1; R. 1-6. Claimant argues that the Administrative Law Judge (ALJ) erred by failing to properly weigh the opinion of Dr. Gates. Doc. 20 at 14-25. The Commissioner disagrees. Doc. 20 at 25-31. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED.**

### I. THE ALJ'S DECISION

On September 21, 2015, Claimant filed an application for supplemental security income, alleging a disability onset date of February 5, 2015. R. 15, 65, 185. Claimant later amended the onset date to September 21, 2015 (the filing date of his application). R. 308-313. Claimant's application was denied initially (R. 52-64) and upon reconsideration. R. 65-79. On April 28, 2016, Claimant requested a hearing before an ALJ. R. 130. The ALJ held the hearing on February 8, 2018 (R. 31-51) and issued a decision on March 12, 2018. R. 12-26.

In the decision, the ALJ found that Claimant had the following severe impairments: affective disorders and organic mental disorders. R. 17.[1] The ALJ found that Claimant had the residual functional capacity (RFC) to perform less than a full range of work at all exertional levels with certain non-exertional limitations. R. 19. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels with the following non-exertional limitations: The claimant can understand and perform simple repetitive 1 to 2 step tasks with normal breaks in an 8-hour workday. He can occasionally interact with the public, co-workers, and supervisors. The claimant can adapt adequately in jobs with occasional work place changes.

*Id*. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy. R. 48-51. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 25. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date of the ALJ's decision. R. 26.

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely

---

[1] The ALJ also noted that in a prior decision, Claimant alleged fibromyalgia, but that in testimony before the ALJ, Claimant specifically testified that he did not have any physical disabling conditions that would prevent work activity, only mental impairments. R. 17-18. Claimant does not assert any error related to fibromyalgia. *See* Doc. 20 at 14-25.

create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. DISCUSSION

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, Claimant's treating psychiatrist, Dr. Gates, twice completed a form for Claimant entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Mental)"; once on September 15, 2015 (R. 389-90, Opinion One) and once on October 11, 2017 (R. 482-84, Opinion

Two). In both Opinions, Dr. Gates opined to limitations more severe than those found in the RFC. *Compare* R. 389-90, 482-84 *with* R. 19. In his decision, the ALJ stated as follows with respect to Dr. Gates:

> As for the two treating source opinions by Dr. Gates, which consists [sic] mainly of check marked mini mental domain areas, ***the undersigned gives little weight because they are inconsistent and unsupported by his own progress notes*** (Exhibit C5F, C16F). On September 15, 2015, Dr. Gates indicated the claimant would be limited but remained satisfactory in his ability to adhere to basic standards of neatness and cleanliness. However, he would have no useful ability to function, he was unable to meet competitive standards, and he was seriously limited in all other domain areas. Moreover, Dr. Gates noted that this assessment was based on previous medical records from 2012 to 2014, addressed in the prior decision, resulting from an inability to focus and over sedation side effect of his medications (Exhibit C5F). As discussed above, ***the treating records reveal Dr. Gates had only seen the claimant about five months at this point, with noted medication non-compliance.***
>
> In October 11, 2017, Dr. Gates submitted another medical source opinion indicating the claimant's concentration is very poor and he is easily overwhelmed interacting with the public. Again, the claimant would have no useful ability to function, an inability to meet competitive standards, or seriously limited in all domain areas except two (Exhibit C16F). The treating physician concluded the claimant would be limited but remained satisfactory in his ability to adhere to basic stands of neatness and cleanliness, and in the area of using public transportation. ***His ability to use public transportation would clearly involve some interaction with the public, which appears inconsistent with the claimant being* easily *overwhelmed interacting with the general-public***. In 2016 and 2017 progress notes show there were several missed appointments. Treating records show the claimant indicated he was socially withdrawn, which may be more of a personal choice than related to a mental impairment. The claimant told the physician that he preferred to avoid some family members, and that he enjoyed playing videogames. ***He had a reported GAF of 64, indicative of only mild symptoms (Exhibit C8F/4).*** Likewise, the undersigned gives little weight to these conclusions of Dr. Gates, as they are, like the previous assessment, inconsistent and unsupported by the overall evidence to the degree accessed.

R. 21-22 (emphasis added).

Claimant appears to argue, primarily, that the ALJ erred in giving Dr. Gates's Opinions little weight and by providing insufficient reasons therefor. Doc. 20 at 14-24. Upon review, the Court finds that the ALJ articulated an appropriate reason for discounting Dr. Gates's Opinions.

*See D'Andrea v. Comm'r of Soc. Sec. Admin.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). In particular, in assessing Dr. Gates's Opinions, the ALJ stated that: "the undersigned gives little weight because they are inconsistent and unsupported by his own progress notes." R. 21; *see Winschel*, 631 F.3d at 1179 ("Good cause exists when the . . . treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."). Further, as discussed herein, the ALJ's decision was based upon articulated reasons that are supported by substantial evidence.

In his decision, the ALJ explained that he found Dr. Gates's Opinions inconsistent and unsupported by Dr. Gates's treatment records based on at least two readily apparent inconsistencies in the record: (1) In Opinion One, Dr. Gates opined that Claimant suffered from over-sedation as a side effect of his medications, but Dr. Gates's treatment records from the relevant period document medication noncompliance; and (2) in Opinion Two, Dr. Gates opined that Claimant would have no useful ability to function, be unable to meet competitive standards, or be seriously limited in all domain areas except two, but in treatment records from the relevant time period, Dr. Gates reported a Global Assessment of Functioning (GAF) score of 64, which indicates only mild symptoms. *See* R. 21-22 (citing R. 389-90 (Opinion One); R. 482-84 (Opinion Two); R. 407 (reported GAF score 64)). The ALJ also pointed out an apparent internal inconsistency within Opinion Two, wherein Dr. Gates opined that Claimant was easily overwhelmed when interacting with the public but also opined that Claimant "remained satisfactory…in the area of using public transportation." R. 21. The ALJ stated that "[Claimant's] ability to use public transportation would clearly involve some interaction with the public, which

appears inconsistent with the claimant being *easily* overwhelmed interacting with the general-public." R. 22.[2]

Accordingly, the Court finds that the ALJ articulated a good cause reason, supported by substantial evidence, in support of his determination to assign Dr. Gates's Opinions little weight, and thus that the Commissioner's final decision is due to be affirmed. *See* 389 F. App'x at 948 (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it."). Claimant's arguments to the contrary are unavailing. Indeed, Claimant's arguments are overwhelmingly unclear and often perfunctorily made. However, the Court will attempt to address each of Claimant's arguments in turn.

First, Claimant argues that the ALJ's finding that Dr. Gates's Opinions are "inconsistent and unsupported by his own progress notes" is conclusory – and therefore insufficient – because the ALJ did not cite to specific inconsistencies in the record. Doc. 20. at 17, 19. The Court has already summarized the ALJ's discussion of at least three specific inconsistencies in the record. Moreover, despite arguing that the ALJ failed to cite specific inconsistencies, Claimant proceeds, in subsequent arguments, to expressly address those inconsistencies mentioned by the ALJ. *See id.* at 20 (medication); 22 (public transportation); 23 (GAF score). Both the language of the ALJ's decision and Claimant's later arguments belie Claimant's first argument.

---

[2] In addition, other medical evidence of record provides substantial evidence to support the ALJ's decision. With respect to Opinion One, many treatment records from the relevant time period document findings that are overall normal, showing Claimant to be cooperative and calm. *See, e.g.*, R. 421-22, 424-25, 427-28, 430-31, 432-33. With respect to Opinion Two, many treatment records from the relevant time period also document findings that are unremarkable, showing Claimant to be mildly to moderately anxious, irritable, or depressed, but without hallucinations and with at least satisfactory cognition, memory preservation, and impulse control and judgment. *See, e.g.*, R. 398, 407, 412, 415, 451, 454.

Claimant also appears to argue that Dr. Gates's treatment records are not, in fact, inconsistent with his Opinions. *See id.* at 17-19. To support this argument, Claimant points to several excerpts from the treatment records that Claimant argues support Dr. Gates's Opinions. *Id*. However, Claimant fails to provide any specific argument to explain why the ALJ's decision was not supported by substantial evidence, instead only citing evidence that Claimant believes supports his position. *Id*. at 17-19. However, the issue is not whether there is substantial evidence to support Claimant's position. The issue is whether substantial evidence supports the ALJ's decision. *See Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991); ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence."); *Phillips*, 357 F.3d at 1240 n.8 (stating that the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]'") (citation omitted). Claimant makes no argument to that effect; thus, his second purported argument fails.

Additionally, Claimant appears to argue that the ALJ somehow erred when the ALJ stated that, according to Dr. Gates, Opinion One was based on Claimant's previous medical records (from 2012 to 2014), and noted that based on the record, Dr. Gates had only seen Claimant for about five months before completing Opinion One. Doc. 20 at 19. Claimant's statements in support of this purported argument are largely incomprehensible, and the Court is uncertain as to Claimant's point. Therefore, to the extent that Claimant makes an argument here, that argument fails.

Claimant also states that the ALJ "fails to explain why he found the opinions of the two non-examining state agency psychologists more persuasive than Dr. Gates' opinion[s]…" *Id.* at 20. Claimant argues that "this is completely contrary to the regulations and the case law." *Id.* However, the only case law Claimant cites appears to reference the concept that treating

physicians' opinions are usually granted substantial weight. *See id.* Thus, the Court is somewhat confused as to Claimant's point and can only return to the ALJ's relatively clear statement that he gave Dr. Gates's Opinions little weight "because they are inconsistent and unsupported by [Dr. Gates's] own progress notes." R. 21-22. The ALJ explained why he gave Dr. Gates's opinions little weight, as the ALJ is required to do. *See Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). Again, the Court is not sure what Claimant is arguing here, but to the extent Claimant is arguing that the ALJ erred when weighing the opinions of the two non-examining psychologists, such argument is perfunctorily made and is therefore waived.[3]

Claimant also argues that the ALJ "argued that [Claimant] had been non-compliant with medication." *Id.* However, the ALJ made no such argument and did not make a finding of no disability based on Claimant's noncompliance with prescribed treatment. Rather, the ALJ pointed out an inconsistency between Dr. Gates's treatment records, which note medication noncompliance, and Opinion One, wherein Dr. Gates opined that Claimant cannot focus because "medication side effects produce over-sedation." R. 21; *see also* R. 390. Nevertheless, Claimant

---

[3] *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

presents a shotgun blast of irrelevant arguments and case law related to the ALJ's supposed argument based on Claimant's noncompliance. Claimant appears to make a perfunctory argument that the ALJ erred based on a failure to fully develop the record; this argument is waived. *See* Doc. 20 at 20; *see, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned). Claimant cites one case where the Court discussed the ALJ's failure to make findings that are essential when benefits are denied based on failure to follow prescribed treatment; the ALJ here did not deny benefits on noncompliance grounds. Doc. 20 at 20 (citing *Seals v. Barnhart*, 308 F. Supp. 2d 1241, 1251 (N.D. Ala. 2004)). Claimant cites another case that appears to discuss medication noncompliance only in the context of credibility; credibility is not at issue in this case. Doc. 20 at 21 (citing *Gottlieb v. Berryhill,* Case No. 17-60940-cv-Moreno/Louis (S.D. Fla. Aug. 23, 2018). Finally, Claimant cites a case where the Court found that one of the ALJ's stated reasons for giving a medical source opinion little weight – evidence of noncompliance – was not adequately supported; the ALJ here did not point to medication noncompliance itself as justification for giving Dr. Gates's Opinions little weight. Doc. 20 at 21-22 (citing *Kidd v. Comm'r of Soc. Sec.*, No. 6:15-CV-535-ORL-DAB, 2016 WL 3090401, at *5 (M.D. Fla. June 2, 2016)).

Claimant also argues that when the ALJ identified Dr. Gates's opinion that Claimant would be easily overwhelmed by interactions with the public as inconsistent with Dr. Gates's opinion that Claimant could satisfactorily use public transportation, the ALJ did not provide adequate reasoning. Doc. 20 at 22. However, Claimant does not provide any argument that the ALJ's finding was not supported by substantial evidence beyond a conclusory statement to that effect. *See id.* at 22. Instead, Claimant points to sections of the record that he appears to believe support both of Dr. Gates's Opinions. *See id.* Again, such an argument must fail: the issue is not whether

there is substantial evidence to support Claimant's position. *See* 932 F.2d at 1358 ("Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence."); 357 F.3d at 1240 n.8 (stating that the court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]'") (citation omitted).

Claimant also makes the perfunctory statement that the ALJ "speculates that [Claimant] was missing appointments and was socially withdrawn by 'personal choice'…" *Id.* at 23. Claimant then states that "[t]he ALJ's opinion is not supported by substantial evidence and is contradicted by Dr. Gates' treatment notes." *Id.* The Court is not sure what argument Claimant is attempting to raise here, but any such argument is certainly perfunctory, and is therefore waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Claimant also appears to argue that the ALJ erred in citing to Claimant's GAF score as evidence that Dr. Gates's treatment records are inconsistent with his Opinions. *See* Doc. 20 at 23. Claimant argues that the ALJ "cites to a day when [Claimant's] symptoms were mild but ignores many days when Dr. Mahoney and Dr. Gates indicate [Claimant's] symptoms were severe." *Id.* Upon review, the Court finds that Claimant's attempt at a cherry-picking argument must fail – the record contains substantial evidence of many "mild" days beyond the one cited by the ALJ. *See, e.g.*, R. 421-22, 424-25, 427-28, 430-31, 432-33 (record dates corresponding to Opinion One); R. 398, 407, 412, 415, 451, 454 (record dates corresponding to Opinion Two). The Court reiterates that the issue is whether the ALJ's decision is supported by substantial evidence. Claimant concludes this section with two conclusory sentences regarding the ALJ's duty to consider all evidence and the applicability of the GAF score for disability purposes. Doc. 20 at 23. To the

extent Claimant is attempting to raise any argument related to the duty to consider the entire record or the use of a GAF score, that argument is perfunctorily made and is therefore waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Claimant also raises the ALJ's discussion of Dr. Eyring's opinion before restating the point that the ALJ has a duty to consider the entire record. *See* Doc. 20 at 23-24. The Court is unsure why Claimant devotes a paragraph to Dr. Eyring's opinion, which appears to be irrelevant to Dr. Gates's Opinions. *See* Doc. 20 at 23-24. To the extent Claimant is attempting to make an argument related to Dr. Eyring or Claimant's credibility, it is perfunctory and therefore waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).

Finally, Claimant makes the perfunctory argument that the ALJ failed to consider Dr. Gates's Opinions pursuant to 20 C.F.R. § 404.1527(c). Doc. 20 at 24. Claimant merely states his interpretation of the statute's requirements and then states that "these factors weigh in Dr. Gates's favor." *Id.* This argument is perfunctory and is therefore waived. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned).[4]

Accordingly, the Court rejects Claimant's only assignment of error.

---

[4] The Court notes that in the final paragraphs of Claimant's argument, Claimant reiterates several points made earlier in the brief regarding the usual weight given a treating physician's opinion. Doc. 20 at 24-25. Claimant mentions several cases that reference giving little weight to consulting physicians' opinions. The Court reiterates that to the extent Claimant is attempting to argue the ALJ erred in improperly weighing the opinions of consulting physicians in this case, such argument is unclear and perfunctory and is therefore waived.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and against Claimant, and close the case.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Pamela Houston
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr
Suite 300
Orlando, FL 32817-9801